OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Early in the afternoon of Sunday, April 3, 1977, plaintiff Robert Stone drove into a busy Merit service station on Bay Street in Staten Island for gasoline. The station had four service islands, each with two gas pumps containing two hoses. After Stone’s tank was filled, he handed his credit card to the attendant and walked around to the rear of his car to check that the attendant had securely replaced the gas cap. As he crouched to inspect the gas cap, he was struck and seriously injured by the rear of an automobile driven by defendant Kerry Williams. Stone and his wife brought this action against Williams, his wife (Stevens, owner of the automobile), and four corporate entities involved in ownership and operation of the Merit service station (collectively “Merit”).
According to Williams, he pulled into the station for gasoline with the front of his car directly behind the rear of Stone’s car. *641 However, he was unable to bring the rear of his car close enough to the unused pump and attempted by a three-point turn to turn the car around and move closer. After this maneuver, Williams got out of the car and observed that the hose still would not reach his gas tank, whereupon he returned to the driver’s seat intending to back the car up slightly in the direction of the pump. Williams testified that he “was moving slowly but the car lurched backwards.” When asked whether he knew what caused his car to accelerate so suddenly, Williams stated: “I believe. I am not certain. I believe that the [gas] pedal itself got caught, because I removed my foot from the pedal, and as I removed my foot from the pedal [the car] lurched back.” He attributed the sticking gas pedal to the floor mat in front of the driver’s seat which had “a tendency to come loose from the carpet.” Williams had given the same explanation for the accident (the “accelerator got stuck in reverse”) in a report he completed for the Department of Motor Vehicles some weeks after his collision with Stone.
After a bifurcated trial, the jury returned a verdict for plaintiffs. It awarded Stone $200,000 and his wife $5,000 on her cause of action for loss of services, finding Williams and Stevens 80% and Merit 20% liable. The Appellate Division reversed with respect to Merit, holding that Merit owed no duty to its patrons to control the movement of automobiles at the service station, and that there was no evidence that the accident was caused by anything other than the purported malfunction of Williams’ accelerator pedal. Williams, Stevens and the Stones appeal.
Before reaching the merits, a procedural issue must be addressed. The effect of the Appellate Division order on defendants Williams and Stevens was to reduce their liability from 80% of $200,000 to 100% of $100,000, raising question as to whether they have been aggrieved (CPLR 5601, subd [a], par [iii]). Since Dole v Dow Chem. Co. (30 NY2d 143), the right to seek contribution from a codefendant exists from the commencement of an action. A defendant consequently has standing to appeal from the dismissal of the complaint against his codefendant, since such a determination deprives him of his right to recover a pro rata share of the award based on the codefendant’s liability (see Stein v Whitehead, 40 AD2d 89, 92; 7 Weinstein-Kom-Miller, NY Civ Prac, par 5511.08, pp 55-80 to 55-81). Thus, despite the reduction, Williams and Stevens were aggrieved by the Appellate Division order because it precludes their claim for contribution from Merit.
Stone contends that Merit had a duty to control the movement of automobiles on its premises, and breached that duty by failing *642 to prevent Williams from backing up alongside the service island. Even if there were such a duty, which we do not decide, still Stone’s cause of action against Merit must fail because any breach of such a duty was not a proximate cause of Stone’s injuries.
As the Appellate Division concluded, there was no evidence that the accident was caused by anything other than the malfunction of Williams’ accelerator pedal (Stone v Williams, 97 AD2d 509, 509-510). In contrast to the situation in Derdiarian v Felix Contr. Corp. (51 NY2d 308, 316), where plaintiff’s injuries might have been prevented by a proper barricade to guard against automobiles being driven accidentally into the excavation site where plaintiff was working, here safety measures Merit might have taken still would not have prevented Williams’ sticking accelerator pedal. In Margolin v Friedman (43 NY2d 982, 983, affg 57 AD2d 763), we refused to hold the builder and operator of a car wash liable for injuries occasioned when a driver negligently stepped on the accelerator pedal instead of the brake after detachment from the facility’s towing mechanism. There, “the accident happened as a result of the driver’s failure to control his vehicle. The premises ‘merely furnished the condition or occasion for the occurrence of the event rather than [being] one of its causes’ ”. (Margolin v Friedman, supra, at p 983 [quoting Sheehan v City of New York, 40 NY2d 496, 503].) Here, too, the accident was caused by the malfunction of Williams’ automobile, which might also have occurred if he had been driving forward or there had been signs or additional attendants on the premises.
The fact that the accident occurred on Merit’s property cannot alone establish liability for Stone’s injuries. The failure of Williams’ accelerator pedal to function properly so attenuated Merit’s negligence (if any) from the ultimate injury that responsibility for the injury may not be attributed to it (see Kush v City of Buffalo, 59 NY2d 26, 33).
Our conclusion that Merit is not liable to Stone for the injuries sustained by him necessarily defeats the cross claims for indemnification and contribution asserted against Merit by defendants Williams and Stevens.