■ SHARON L. JACKSON, Appellant, v CORGAN & BALESTIERE, P. C., et al., Defendants, and PETER J. SCHMITT CO., INC., Respondent. (And Another Action.) (Appeal No. 1.)—Amended order and judgment unanimously affirmed without costs. Memorandum: Plaintiff was seriously injured when struck by a vehicle that crashed through the front window of a bank minibranch located in the Georgetown Plaza (Plaza) in Irondequoit, New York. The Plaza is a strip-type shopping center with a paved parking area sloping downward from Ridge Road, a State highway, to the buildings some 235 feet from the road. The accident occurred when defendant Lipani's vehicle somehow became "hung-up" on a raised divider island that separated traffic lanes in and out of the shopping center. Lipani accelerated to free the car from the island divider and when it dislodged, the vehicle proceeded out-of-control in a zigzag fashion diagonally toward the middle of the shopping center. Lipani swerved to avoid a pole, swerved again to avoid a parked car, glanced off that car and then swerved again to avoid a pedestrian and a parked car. At a speed between 30 and 50 miles per hour, Lipani's vehicle struck the curb, became airborne over the pedestrian sidewalk, and crashed into the bank, coming to a rest some 20-25 feet inside. At the time, plaintiff was at her work station some 10 feet from the window.

Plaintiff commenced this action against Lipani, the landowners, the owners of the Plaza, the managing agent of the Plaza, the architects and site engineers who designed the shopping center, the contractor who built it, the lessee of the

supermarket in which the bank branch was situated, and various individuals in those groups. At the close of plaintiff's case, the trial court dismissed the action against all defendants, except Lipani. Plaintiff appeals from that dismissal order.

Liability of these defendants was predicated upon two theories: (1) That defendants failed to erect or maintain a proper island divider at the entrance to the shopping center; and (2) that a barrier or barricade should have been erected between the sidewalk and parking area to prevent vehicles from invading stores.

Only Georgetown Associates, the Plaza owner, and Sear-Brown, the site engineers, were shown to have had any responsibility for maintenance or erection of the island divider and sidewalk barrier. Thus, the court properly dismissed the action against the other defendants who owed no duty with respect to the divider or sidewalk barrier.

With respect to the island divider, the proof revealed that when originally constructed, the divider was raised some eight inches above the pavement surface. However, a year before the accident, the State reconstructed and resurfaced Ridge Road and in doing so, placed additional asphalt alongside the divider so that at the road entrance, the divider was flush with the pavement and gradually rose to an elevation of eight inches above the pavement at the opposite end. It is plaintiff's contention that the owner of the Plaza had a continuing duty to maintain the island divider and should have reconstructed the divider upon completion of the work. Plaintiff's reliance upon 17 NYCRR 125.3 (b) in support of this contention is misplaced. That provision merely requires a property owner to maintain driveways constructed pursuant to a permit in a safe condition. The regulation most appropriate to this case is 17 NYCRR 125.1 (d), which provides: "Whenever a State highway is reconstructed or resurfaced, existing entrances to the highway will be altered by the *department* at its expense to conform to the spirit and intent of policy and standards set forth in this Part." (Emphasis added.) Thus, upon reconstruction, the regulations impose a duty upon the State to alter the entrance, which in this case, included the island divider within the State right-of-way. Plaintiff failed to demonstrate that the remaining defendants breached any duty with respect to maintenance of the island divider.

Plaintiff's expert testified that a guardrail should have been constructed between the parking area and sidewalk to prevent vehicles from endangering sidewalk pedestrians or storefronts.

He opined that the guardrail would not prevent a vehicle traveling at 50 miles per hour from crashing into a store, but that such a guardrail would deter a car moving at 30 miles per hour from striking the building. In expressing his opinion, the expert conceded that he would need to know the force of the vehicle but had made no calculations or determinations of that force. In addition, he conceded that he had made no analysis of the capacity of the proposed barricade to restrain any particular force. Under the circumstances, the opinion he expressed lacked a factual basis, was wholly speculative, and was not admissible (*Office Park Corp. v County of Onondaga,* 64 AD2d 252, 259, *affd* 48 NY2d 765; *Putnam v Stout,* 46 AD2d 812, *affd* 38 NY2d 607). Absent this "opinion", there was no competent evidence to demonstrate that a barricade would have prevented the accident and, thus, plaintiff failed to prove that the absence of a barricade was a proximate cause of the accident and injuries (*see, Stone v Williams,* 64 NY2d 639, 642). Under the circumstances, the trial court properly dismissed this action against all defendants except Lipani. (Appeal from order and judgment of Supreme Court, Monroe County, Davis, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.