He opined that the guardrail would not prevent a vehicle traveling at 50 miles per hour from crashing into a store, but that such a guardrail would deter a car moving at 30 miles per hour from striking the building. In expressing his opinion, the expert conceded that he would need to know the force of the vehicle but had made no calculations or determinations of that force. In addition, he conceded that he had made no analysis of the capacity of the proposed barricade to restrain any particular force. Under the circumstances, the opinion he expressed lacked a factual basis, was wholly speculative, and was not admissible *(Office Park Corp. v County of Onondaga,* 64 AD2d 252, 259, *affd* 48 NY2d 765; *Putnam v Stout,* 46 AD2d 812, *affd* 38 NY2d 607). Absent this "opinion", there was no competent evidence to demonstrate that a barricade would have prevented the accident and, thus, plaintiff failed to prove that the absence of a barricade was a proximate cause of the accident and injuries *(see, Stone v Williams,* 64 NY2d 639, 642). Under the circumstances, the trial court properly dismissed this action against all defendants except Lipani. (Appeal from order and judgment of Supreme Court, Monroe County, Davis, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.

■ SHARON L. JACKSON, Appellant, v CORGAN & BALESTIERE, P. C., et al., Defendants, and RUSSEL W. HEFFER et al., Respondents. (And Another Action.) (Appeal No. 3.)—Judgment unanimously affirmed, without costs. Same memorandum as in *Jackson v Corgan & Balestiere* ([appeal No. 1.] 132 AD2d 960 [decided herewith]). (Appeal from judgment of Supreme Court, Monroe County, Davis J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.

■ SHARON L. JACKSON, Appellant, v CORGAN & BALESTIERE, P. C., et al., Defendants, and HAROLD M. HECKER et al., Respondents. (And Another Action.) (Appeal No. 4.)—Order and judgment unanimously affirmed without costs. Same memorandum as in *Jackson v Corgan & Balestiere* ([appeal No. 1] 132 AD2d 960 [decided herewith]). (Appeal from order and judgment of Supreme Court, Monroe County, Davis, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.

■ SHARON L. JACKSON, Appellant, v CORGAN & BALESTIERE, P. C., et al., Defendants and DOMUS DEVELOPMENT CORPORATION, Respondent. (And Another Action.) (Appeal No. 5.)—Order and judgment unanimously affirmed without costs. Same memorandum as in *Jackson v Corgan & Balestiere*

([appeal No. 1] 132 AD2d 960 [decided herewith]). (Appeal from order and judgment of Supreme Court, Monroe County, Davis, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.

■ SHARON L. JACKSON, Appellant, v CORGAN & BALESTIERE, P. C., et al., Respondents, et al., Defendants. (And Another Action.) (Appeal No. 6.)—Order unanimously affirmed without costs. Same memorandum as in *Jackson v Corgan & Balestiere* ([appeal No. 1] 132 AD2d 960 [decided herewith]). (Appeal from order of Supreme Court, Monroe County, Davis, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.

■ SHARON L. JACKSON, Appellant, v CORGAN & BALESTIERE, P. C., et al., Defendants, and DOROTHY B. HEFFER et al., Respondents. (And Another Action.) (Appeal No. 7.)—Judgment unanimously affirmed without costs. Same memorandum as in *Jackson v Corgan & Balestiere* ([appeal No. 1] 132 AD2d 960 [decided herewith]). (Appeal from judgment of Supreme Court, Monroe County, Davis J.—dismiss complaint.) Present —Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP BURT, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: We reject defendant's contentions that there was insufficient evidence to support the conviction of burglary and that the verdict on that charge was against the weight of the evidence. We conclude, however, that there was insufficient proof of value to support the conviction of criminal possession of stolen property in the second degree, and we reduce the conviction to criminal possession of stolen property in the third degree *(see, People v James,* 111 AD2d 254, 255-256, *affd* 67 NY2d 662). We also reduce the concurrent sentence of probation for five years imposed thereon to a concurrent sentence of probation for three years, the terms and conditions of probation to remain the same. We repeat the admonition of the Second Department to prosecutors that they perform their duty of proving value within the meaning of Penal Law § 155.20 (1) *(see, People v James, supra,* at 256). (Appeal from judgment of Erie County Court, Dillon, J.— burglary, third degree, and other offenses.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN MOORE, Appellant.—Judgment unanimously reversed