■ JULIA D. SCHNEIDER, Respondent-Appellant, v HERBERT E. DAVID, Appellant-Respondent.—Order of the Supreme Court, New York County (Andrew R. Tyler, J.), entered March 2, 1989, which denied defendant Herbert E. David's motion to dismiss the complaint of plaintiff and cross motion of plaintiff, Julia David Schneider, for an order disqualifying defendant's attorney and appointing a temporary receiver over the subject premises, is unanimously modified, on the law, to the extent of granting defendant's motion to dismiss the complaint and otherwise affirmed with costs and disbursements payable by plaintiff. The clerk is directed to enter judgment in favor of defendant, dismissing plaintiff's complaint with costs.

In this action, plaintiff, a Florida resident, alleges that she and her brother, the defendant David, were the children of Leo David, now deceased, and Beatrice David and that, on December 14, 1985, Beatrice conveyed to defendant the subject premises, located in New York County. Plaintiff alleges that defendant did not advise her of the transaction until January 1988. She claims that defendant had fraudulently induced Beatrice, 86 years old at that time, to convey the property to him by telling her that the document she signed only authorized him to manage the property while Beatrice was in Florida. Defendant's misrepresentation allegedly was made in the presence of an attorney retained by defendant in connection with the transaction.

The premises in question, utilized by the parties' parents as a restaurant since 1948, continued to be so used. After the death of Leo David in 1974, defendant operated the restaurant. Plaintiff alleges that Beatrice, on February 19, 1988, executed another deed conveying title to the same premises to both plaintiff and defendant, as tenants in common, and that this deed reflected her true intent.

In four causes of action, plaintiff alleged that the December 1985 deed was void by reason of defendant's fraud; requested that the court impress a constructive trust upon the property and adjudge that the parties were tenants in common; sought an accounting with respect to defendant's management of the property from date of the December 1985 conveyance; and sought appointment of a receiver to administer the property for the benefit of both parties.

Defendant moved pursuant to CPLR 3211 (a) (3), (7) and (10)

to dismiss the action, alleging that any cause of action seeking to set aside the December 1985 conveyance belonged only to Beatrice, the party fraudulently induced, and therefore, plaintiff had no cause of action, since she was without an interest in the subject premises, which also rendered her without capacity to sue. Submitted with the motion was an affidavit from Beatrice, now in a Florida nursing home, in which she expressed a wish that the lawsuit brought by her daughter against her son be dismissed. She stated that the claim that she had been fraudulently induced by defendant to convey the property to him was false and that it was clearly her intent to give him the property outright. Further, she alleged that she had no knowledge of having transferred the property to both plaintiff and defendant in February 1988, and that if such a transaction had occurred, it was not done knowingly by her.

In a cross motion, plaintiff sought a receiver over the premises, pursuant to CPLR 6401.

The IAS court concluded that plaintiff had legal capacity to sue, and that her causes of actions passed legal "muster". With respect to plaintiff's cross motion, it denied the request for appointment of a temporary receiver and denied disqualification of defendant's counsel, as premature and disruptive of defendant's ability to defend.

The IAS court erred when it did not dismiss plaintiff's complaint for lack of capacity to sue and failure to state a cause of action since the real party in interest here is Beatrice. *(See, Roens v Ratkin,* 11 Misc 2d 855.) In *Roens,* plaintiff son sued defendant daughter alleging that the conveyance of property to the daughter by their father was made at a time when the father was senile and incompetent and unaware of the nature and quality of his acts. The son sought to set aside the conveyance, but the court concluded that he was without interest, legal or equitable and that only the grantor of the property, the father, alive, had legal or equitable title to the claim to set the conveyance aside. The court noted that there was no legal mandate compelling a parent to hold realty for the benefit of all heirs or that it be apportioned among them and that only a grantor or a subsequently appointed committee may move to set aside such a conveyance on the grounds of incompetence *(supra,* at 855-856). "Until the appointment of a committee neither the State nor any one else has any power or control over his property or any authority to act in his behalf. He alone remains in possession of his property and can dispose of it. If as a fact he be incompetent at the time he acts, his transactions may be set aside at his election either by

himself or by a committee subsequently appointed." *(Finch v Goldstein,* 245 NY 300, 303.)

Plaintiff attempts to distinguish this case law on the ground that she has an interest arising out of Beatrice's alleged transfer to her in February 1988. However, absent a decree voiding Beatrice's transaction to defendant, Beatrice was not the owner of the property at the time she allegedly conveyed it to plaintiff and plaintiff, therefore, received no interest.

Plaintiff here was not a party to Beatrice's conveyance to defendant and cannot elect on behalf of Beatrice to void what, at this stage, remains a valid conveyance. Any wrong to Beatrice (if in fact it is established) may inure to the detriment of plaintiff, since she considers herself heir to the subject premises. However, these facts do not cloak plaintiff with standing to sue or to exercise Beatrice's rights *(Roens v Ratkin, supra).*

In view of the action we take in granting dismissal of the complaint, the issues raised upon the cross appeal have been rendered academic. Concur—Ross, J. P., Milonas, Asch, Ellerin and Rubin, JJ.