■ JULIA D. SCHNEIDER, Appellant, v HERBERT E. DAVID, Respondent. [602 NYS2d 130] —Order, Supreme Court, New York County (Carol Huff, J.), entered July 13, 1992, which, *inter alia,* granted defendant's motion for summary judgment pursuant to CPLR 3212 dismissing the plaintiff's complaint, unanimously affirmed, with costs.

The IAS Court properly dismissed plaintiff's complaint in the second action against defendant, her brother, seeking damages for defendant's alleged tortious interference with the plaintiff's "expectation of inheritance" with respect to certain real property belonging to their mother, Beatrice David, a 94 year old resident of a Brooklyn nursing home, as barred by the doctrine of res judicata, where, as here, this Court had dismissed the plaintiff's prior action, grounded upon the same transactions as this action, for failure to state a cause of action and for lack of capacity to sue *(Schneider v David,* 169 AD2d 506), since it is well settled, under the transactional-analysis approach adopted by this State in deciding res judicata issues, that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357, citing *Matter of Reilly v Reid,* 45 NY2d 24, 29-30). A comparison of the respective complaints reveals that both the prior action dismissed by this Court and the underlying action are based upon the same operative facts and demand essentially the same relief, and that the present complaint fails to correct the defects or omissions deemed to be fatal to the prior complaint *(Blank v Miller,* 122 AD2d 356, 358; *Binkowski v General Elec. Co.,* 25 AD2d 577).

The IAS Court also properly dismissed plaintiff's second complaint for failure to state a cause of action since no cause of action exists in this State for tortious interference with an "expectation of inheritance", as New York law requires that the person alleged to have been defrauded, the testator, Beatrice, rather than the plaintiff herein, bring the cause of action, if, as here, she is alive and has not been judicially declared incompetent or had a guardian or committee ap-

pointed on her behalf *(Schneider v David, supra,* at 507-508, citing *Finch v Goldstein,* 245 NY 300, 303; *Roens v Ratkin,* 11 Misc 2d 855).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Ross, Asch and Rubin, JJ.