■ NELLIE CRUZ, Plaintiff, v KAMLIS DRESSES & SPORTSWEAR Co. et al., Defendants, and PHILIP & TONY ICE CREAM CO., Defendant and Third-Party Plaintiff-Respondent. WESTOVER REALTY, Third-Party Defendant-Appellant. [654 NYS2d 778] —Order of the Supreme Court, New York County (Stuart Cohen, J.), entered December 1, 1995, which denied third-party defendant Westover Realty's motion to dismiss the third-party complaint, unanimously reversed, on the law, with costs, the motion granted and the third-party complaint dismissed. The Clerk is directed to enter judgment dismissing the third-party complaint.

Plaintiff Nellie Cruz brought this negligence action for injuries she sustained in a fall at premises owned by Westover Realty and leased to various commercial tenants, including defendant and third-party plaintiff Philip & Tony Ice Cream Co. Philip & Tony served an answer and cross complaint seeking contribution and indemnification from Westover. As the result of plaintiff's failure to comply with discovery demands despite issuance of a conditional order of preclusion, Supreme Court granted Westover's motion for summary judgment dismissing all claims against it by order dated October 8, 1992.

In February 1994, Philip & Tony impleaded Westover, claiming that Westover had been negligent in maintaining the premises where plaintiff fell. The allegations of the third-party complaint against Westover are identical to those of plaintiff's original complaint against it. Based upon the prior award of summary judgment in its favor, from which no party has appealed, Westover moved to dismiss the third-party complaint. Supreme Court denied the motion, reasoning that the October 8, 1992 order granting summary judgment is not a dismissal on the merits and concluding that it does not bar Philip & Tony from maintaining a third-party action. On this appeal, Westover contends that Supreme Court erred in failing to give the prior order preclusive effect.

We agree. The two requirements of collateral estoppel have

been met, "that an issue in the present proceeding be identical to that necessarily decided in the prior proceeding, and that in the prior proceeding the party against whom preclusion is sought was accorded a full and fair opportunity to contest the issue" (*Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276, *cert denied* 488 US 1005; *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65). Westover's summary judgment motion sought and obtained dismissal of all claims against it. Philip & Tony opposed the motion in responsive papers and, therefore, had standing to appeal from the award of summary judgment as a party aggrieved by the ruling (*see, Stone v Williams*, 64 NY2d 639, 641). Judgment based on violation of a preclusion order is an award on the merits (*see, Strange v Montefiore Hosp. & Med. Ctr.*, 59 NY2d 737; *Barrett v Kasco Constr. Co.*, 84 AD2d 555, *affd* 56 NY2d 830). Philip & Tony's failure to prosecute an appeal bars further litigation of the same facts raised in the prior proceeding (*Feigen v Advance Capital Mgt. Corp.*, 146 AD2d 556, 558 [transactional analysis applied to res judicata issues], citing *Matter of Reilly v Reid*, 45 NY2d 24; *Engel v Aponte*, 51 AD2d 989), " 'even if based upon different theories or if seeking a different remedy' " (*Corto v Lefrak*, 203 AD2d 94, 95 [quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357], *lv dismissed* 86 NY2d 774). Because the instant claim for contribution is based upon allegations of negligence, previously raised and dismissed, Westover cannot be held liable to another party, including Philip & Tony, on any claim depending on the same proof (*see, Stone v Williams, supra; Gonzalez v City of New York*, 203 AD2d 421; *Mohawk Intl. v Zangrilli*, 161 AD2d 1169; *cf., Zuckerman v City of New York*, 66 AD2d 248, *revd on other grounds* 49 NY2d 557). Therefore, the third-party complaint should have been dismissed (*Schneider v David*, 197 AD2d 363). Concur—Murphy, P. J., Wallach, Rubin and Williams, JJ.