■ Dean P. Koski, Plaintiff, v Ryder Truck et al., Appellants, and Sithe Energies USA, Inc., Respondent, et al., Defendants. [689 NYS2d 891] —Order unanimously affirmed without costs. Memorandum: On a prior appeal, we held that defendants Ryder Truck (Ryder) and General Electric Co., Inc. (General Electric) were entitled to summary judgment dismissing the complaint against them based on plaintiff's failure to comply with a preclusion order (*Koski v Ryder Truck,* 244 AD2d 872). Ryder and General Electric then moved for partial summary judgment dismissing the cross claims of defendant Sithe Energies USA, Inc. (Sithe) for indemnification and/or contribution. Supreme Court denied the motion and converted the cross claims into a third-party action. Ryder and General Electric contend that, by reason of the dismissal of the complaint, Sithe is barred from asserting any claim for indemnification and/or contribution. We disagree.

The alleged negligence of Ryder and General Electric was not previously decided against Sithe in a proceeding in which Sithe had a full and fair opportunity to litigate that issue (*see, Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71; *cf., Cruz v Kamlis Dresses & Sportswear Co.,* 238 AD2d 103). The only issue previously litigated was the legal effect of the preclusion order entered against plaintiff.

It is well established that "a defendant may seek contribution from a third party even if the injured plaintiff has no direct right of recovery against that party, either because of a procedural bar or because of a substantive legal rule" (*Raquet v Braun,* 90 NY2d 177, 182). The dismissal of the complaint against Ryder and General Electric is considered "on the merits" with respect to plaintiff only " 'to prevent the plaintiff from circumventing the preclusion [order]' " (*Strange v Montefiore Hosp. & Med. Ctr.,* 59 NY2d 737, 739). There is no reason

to prevent Sithe from seeking indemnification and/or contribution from those whose negligence may have actually caused plaintiff's injuries.

Finally, contrary to the contention of General Electric, Sithe's claim against General Electric for indemnification is partially contractual in nature and thus not dependent upon proof of General Electric's negligence. (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner and Pigott, Jr., JJ.