JOEL DAVID SHARROW, Appellant, v LORALEE A. SHERIDAN et al., Respondents. [937 NYS2d 320]—

The plaintiff commenced this action against his mother and sister, alleging that the sister used duress and undue influence to cause their elderly and ailing mother to transfer her assets to the sister, thereby frustrating the mother's expressed intent to devise her assets approximately equally between her two children. The plaintiff alleged that he was acting as his mother's "son, her attorney-in-fact, and a 50% potential heir of [her] Estate" and that the mother had executed a power of attorney naming him as her attorney-in-fact. He sought to set aside the deeds transferring his mother's former residence to the sister and thereafter to a family trust, to impose a constructive trust upon that property and other transferred assets in favor of the mother and thereafter for his benefit, accountings of the proceeds of the sale of certain assets and to recover lost rentals and certain expenses on his mother's behalf.

The mother and sister separately moved pursuant to CPLR 3211 (a) to dismiss the action, contending, inter alia, that the plaintiff lacked standing to commence this action. In the order appealed from, the Supreme Court, inter alia, granted the sepa-

rate motions to dismiss based upon lack of standing. The plaintiff appeals. During the pendency of the appeal, the mother died and a special administrator of her estate was substituted in the mother's place.

The Supreme Court properly granted the separate motions to dismiss based upon lack of standing. The defendants demonstrated that the mother had revoked the power of attorney naming the plaintiff as her attorney-in-fact. The plaintiff further lacked standing to commence this action as his mother's potential heir (see Schneider v David, 169 AD2d 506, 507 [1991]). While his mother was alive, she had the absolute right to change her intentions regarding the distribution of her assets. Accordingly, the plaintiff's interest as his mother's potential heir was just that—a potential, speculative interest. "The rules governing standing help courts separate the tangible from the abstract or speculative injury" (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 812 [2003], cert denied 540 US 1017 [2003]). Thus, under these circumstances, the plaintiff lacked standing to commence this action.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.