■ GIUSEPPE D'ANDREA, Appellant, v STELLA KOUTSOPETRAS et al., Defendants, and ULTIMATE CAR WASH et al., Respondents. [939 NYS2d 710]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated August 9, 2010, as granted the separate motions of the defendant Ultimate Car Wash, and the defendant Concord Luxury Limousine, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff, a customer at the defendant Ultimate Car Wash (hereinafter Ultimate), which was owned by the defendant Concord Luxury Limousine, Inc. (hereinafter Concord), was standing near the trunk of his car in the car wash's vacuuming station when a vehicle driven by the defendant Stella Koutsopetras, which was positioned behind his car, allegedly struck him. Koutsopetras testified at her deposition that she had stopped her car and had her foot on the brake pedal, but that the car nonetheless moved forward suddenly, and that she was unable to control or stop it. The plaintiff commenced an action against, among others, Ultimate and Concord to recover damages for personal injuries. Ultimate and Concord separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted their motions.

The Supreme Court properly determined that Ultimate and Concord demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the accident was caused solely by the mechanical failure of Koutsopetras' vehicle or Koutsopetras' failure to control her vehicle, and, thus, that any negligence on their part was not the proximate cause of the plaintiff's alleged injuries (see Stone v Williams, 64 NY2d 639, 642 [1984]; Margolin v Friedman, 43 NY2d 982, 983 [1978]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, Ultimate's and Concord's separate motions for sum-

mary judgment were properly granted. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.