Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered December 23, 2010, which dismissed the complaint on the grounds that it was barred by res judicata, and declined to *461 permit plaintiffs leave to amend the complaint, unanimously affirmed, without costs.
Plaintiffs have abandoned their federal law claims on appeal (see Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 308 [1st Dept 2003]). Even had plaintiffs not abandoned those claims, they were properly barred on res judicata grounds, as the Federal District Court, the first forum in which plaintiffs pursued their action against defendants, dismissed their claims for failure to state a cause of action. This dismissal constitutes a dismissal on the merits (see McKinney v City of New York, 78 AD2d 884, 885 [2d Dept 1980]; see also Schneider v David, 197 AD2d 363 [1st Dept 1993]).
Plaintiffs’ state law claims were properly dismissed, but not for the reason stated by the motion court, i.e., res judicata. Here, those claims were barred by the principle of collateral estoppel, since in dismissing plaintiffs’ federal claims, the Federal District Court addressed issues identical to those raised by plaintiffs’ state claims, despite having declined to exercise jurisdiction over the state claims (see Browning Ave. Realty Corp. v Rubin, 207 AD2d 263, 266 [1st Dept 1994], lv denied 85 NY2d 804 [1995]; Pinnacle Consultants v Leucadia Natl. Corp., 94 NY2d 426, 432 [2000]). Further, even had these claims not been barred by either of the foregoing principles, they would have been properly dismissed under CPLR 3211 (a) (7), as none of them stated a claim upon which relief could be granted.
The IAS court properly declined to permit plaintiffs to amend their complaint, as any amendment would have been futile (see Rappaport v VV Publ. Corp., 223 AD2d 515, 516 [1st Dept 1996]). Concur—Friedman, J.P., Sweeny, Acosta, Abdus-Salaam and Manzanet-Daniels, JJ.