■ COLLEEN BERRIAN, Appellant, v SIENA COLLEGE, Respondent. [12 NYS3d 240]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 20, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff's daughter, who was 20 years old when this action was commenced, allegedly sustained personal injuries while she was a student at the defendant Siena College. The plaintiff, acting under authority of a power of attorney signed by her and her daughter, commenced this action against the defendant to recover damages for those injuries. The defendant asserted in its answer that the plaintiff lacked authority to bring the action. After discovery was completed, the defendant moved for summary judgment dismissing the complaint on the ground, among others, that the power of attorney was not valid because it did not comply with the requirements of General Obligations Law § 5-1501B (1) (d).

Statutory short form powers of attorney and nonstatutory

powers of attorney must contain certain "exact wording" in order "to be valid" (General Obligations Law § 5-1501B; *see* General Obligations Law § 5-1513 [1] [a], [n]), absent circumstances not relevant here (*see* General Obligations Law § 5-1512). In support of its motion for summary judgment, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the power of attorney signed by the plaintiff and her daughter omitted language mandated by the statute. In opposition, the plaintiff failed to raise a triable issue of fact. As the Supreme Court correctly held, the power of attorney was not valid in the absence of the required language. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not have standing to bring this action (*cf. Sharrow v Sheridan*, 91 AD3d 940, 941 [2012]; *Ferry v Ferry*, 13 AD3d 765, 766 [2004]). Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.