■ BRENDA JACOB, Respondent, v KENNETH CONWAY, Appellant. [56 NYS3d 138]—

In an action, inter alia, to impose a constructive trust on real property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated January 30, 2015, as denied that branch of his motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted.

The plaintiff and the defendant are sister and brother and have two other siblings. In 1982, their mother (hereinafter the mother), who owned real property in Brooklyn, executed a will devising all of her assets to her children, to be shared equally. In March 2011, when the mother was 79 years old, she executed a power of attorney granting the defendant the authority

to conduct her business and personal matters. One year later, the mother executed a deed transferring the real property to the defendant. The plaintiff, claiming that the mother lacked mental capacity at the time of the transfer, commenced this action against the defendant asserting causes of action to impose a constructive trust, to recover damages for unjust enrichment, for an accounting, and for "appointment of [a] guardian ad litem" for the mother. The defendant moved, inter alia, for summary judgment dismissing the complaint, asserting, among other things, that the plaintiff lacked standing. The Supreme Court denied the motion.

"[S]tanding requires an inquiry into whether the litigant has 'an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request' " (*Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007], quoting *Caprer v Nussbaum*, 36 AD3d 176, 183 [2006]). Thus, to demonstrate standing, a plaintiff must "establish that he or she will actually be harmed by the challenged action, and that the injury is more than conjectural" (*Caprer v Nussbaum*, 36 AD3d at 183; *see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]). "The rules governing standing help courts separate the tangible from the abstract or speculative injury" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 812 [2003]; *see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d at 214; *Rudder v Pataki*, 93 NY2d 273, 279 [1999]).

Here, the defendant demonstrated his prima facie entitlement to judgment as a matter of law on the basis that the plaintiff lacked standing to commence this action. "While [the] mother was alive, she had the absolute right to change her intentions regarding the distribution of her assets" (*Sharrow v Sheridan*, 91 AD3d 940, 941 [2012]). Accordingly, the plaintiff's interest in the subject real property and the mother's other assets was merely a "potential, speculative interest," insufficient to give rise to standing (*id.* at 941). The first three causes of action should have been dismissed on this ground (*see id.*). Further, in light of our grant of summary judgment dismissing these causes of action, summary judgment dismissing the cause of action seeking, pursuant to CPLR 1202, the "appointment of a guardian ad litem" for the mother who, in any event, is not even a party to this action, must be granted.

In light of our determination, we do not reach the parties' remaining contentions. Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.