Jones v City of New York (2019 NY Slip Op 02168)





Jones v City of New York


2019 NY Slip Op 02168


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Friedman, J.P., Renwick, Webber, Kahn, Kern, JJ.


8766 306689/12

[*1]Taquana Jones, Plaintiff,
v
The City of New York, et al., Defendants, Step Mar Contracting Corp., Defendant-Respondent, Tri-Messine Construction Company, Inc., Defendant-Appellant.


Burke, Conway & Dillon, White Plains (Michael Conway of counsel), for appellant.
Cartafalsa, Turpin & Lenoff, New York (David S. Pasternak of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about September 21, 2017, which to the extent appealed from as limited by the briefs, granted defendant Step Mar Contracting Corp.'s motion for summary judgment dismissing all cross claims against it, unanimously reversed, on the law, without costs, the motion denied, and the cross claims reinstated.
Defendant Tri-Messine Construction Company, Inc., a contractor hired by defendant Con Edison to lay pavement over portions of the roadbed that had been excavated and backfilled by a subcontractor hired by defendant contractor Step Mar Contracting Corp., contends that the defects in the roadbed on which plaintiff tripped were a result of Step Mar's subcontractor's work. As a defendant with a right to seek contribution from a codefendant, Tri-Messine has standing to bring this appeal (Stone v Williams , 64 NY2d 639, 641 [1984]). Moreover, Tri-Messine is aggrieved by the dismissal of its cross claims against Step Mar (see Cruz v Kamlis Dresses & Sportswear Co. , 238 AD2d 103 [1st Dept 1997]).
Step Mar established prima facie that the hazardous condition on which plaintiff tripped was not caused by any negligence on its part by submitting evidence that Con Edison had formally approved its work as satisfactorily completed, testimony indicating that the photographic exhibits demonstrated no deficiencies in its subcontractor's performance of the excavation and backfilling work, and plaintiff's expert's opinion that the photographic evidence of the alleged hazardous roadbed condition suggested no negligence on Step Mar's contractor's part but negligence only on the parts of Tri-Messine, the finishing paver, and Con Edison, the party that inspected and approved the paving work. However, upon drawing all reasonable inferences from this evidence and other testimony, we find that issues of fact,
including credibility, exist as to the causes that gave rise to the hazardous condition (see generally Rodriguez v Parkchester S. Condominium , 178 AD2d 231 [1st Dept 1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK