Matter of American Massage Therapy Assn. v Town of Greenburgh (2019 NY Slip Op 04934)





Matter of American Massage Therapy Assn. v Town of Greenburgh


2019 NY Slip Op 04934


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-11745
 (Index No. 1487/16)

[*1]In the Matter of American Massage Therapy Association, et al., appellants, 
v
Town of Greenburgh, et al., respondents.


Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany, NY (M. Elizabeth Coreno, Thomas A. Capezza, Thomas E. Mercure of counsel), for appellants.
Timothy W. Lewis, Town Attorney, Greenburgh, NY (Michael L. Pflaum of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated September 26, 2016. The order and judgment granted the respondents/defendants' motion for summary judgment dismissing the petition/ complaint, and dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with costs.
In 2015, the Town of Greenburgh enacted a local law to license massage establishments (Code of the Town of Greenburgh, Chapter 375) (hereinafter the local law). The petitioners/plaintiffs, the American Massage Therapy Association (hereinafter the AMTA), a professional organization for massage therapists, and Domanic Guzman, a licensed massage therapist working as a solo practitioner, commenced this proceeding/action in March 2016. They alleged, inter alia, that the local law was preempted by state law, and that its promulgation violated the State Environmental Quality Review Act (ECL art 8) and the Open Meetings Law (Public Officers Law art 7). The respondents/defendants moved for summary judgment dismissing the petition/complaint, contending, inter alia, that the petitioners/plaintiffs lacked standing to sue. The Supreme Court granted the motion. The petitioners/plaintiffs appeal.
Standing to sue requires "an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request" (Caprer v Nussbaum, 36 AD3d 176, 182; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773; Jacob v Conway, 150 AD3d 973, 974). Generally, "a plaintiff, in order to have standing in a particular dispute, must demonstrate an injury in fact that falls within the relevant zone of interests sought to be protected by law" (Caprer v Nussbaum, 36 AD3d at 183). To demonstrate an "injury in fact," a plaintiff must "establish that he or she will actually be harmed by the challenged action, and that the injury is more than conjectural" (id.; see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211). An organizational plaintiff must establish, among other things, that at least one of its members would have standing to sue (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d at 211).
Here, the respondents/defendants demonstrated their prima facie entitlement to judgment as a matter of law on the basis that the petitioners/plaintiffs lacked standing to commence this action. The local law does not apply to Guzman because it exempts solo practitioners, and any injuries that Guzman allegedly could suffer as a result of the statute are no more than conjectural (see Caprer v Nussbaum, 36 AD3d at 183). Moreover, the standing of the AMTA is dependent upon at least one of its members having standing (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d at 211; see also Society of Plastics Indus. v County of Suffolk, 77 NY2d at 775; Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d 726, 728). Here, there is no evidence in the record that Guzman or any other member of the AMTA would have standing to sue. Therefore, we agree with the Supreme Court's determination granting the respondent/ defendants' motion for summary judgment dismissing the petition/complaint based on lack of standing.
The petitioners/plaintiffs' remaining contentions are without merit.
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court