Athenaeum Blue & White (R.A.), Inc. v American Studies Assn., Inc. (2019 NY Slip Op 04900)





Athenaeum Blue & White (R.A.), Inc. v American Studies Assn., Inc.


2019 NY Slip Op 04900


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-00495
 (Index No. 519686/16)

[*1]Athenaeum Blue & White (R.A.), Inc., appellant,
v
American Studies Association, Inc., respondent, et al., defendant.


David Abrams, New York, NY, for appellant.
Jonathan Wallace, Amagansett, NY (Thomas Mugavero, pro hac vice, of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for discrimination on the basis of national origin in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 6, 2017. The order granted that branch of the motion of the defendant American Studies Association, Inc., which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it on the ground that the plaintiff lacked standing.
ORDERED that the order is affirmed, with costs.
The plaintiff, a not-for-profit organization, commenced this action alleging discrimination on the basis of national origin in violation of the New York State Human Rights Law (see Executive Law § 296) and the New York City Human Rights Law (see Administrative Code of City of NY § 8-107) (hereinafter NYCHRL). The defendant American Studies Association, Inc. (hereinafter ASA), moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it on the ground that the plaintiff lacked standing to maintain its causes of action against it. The Supreme Court granted that branch of ASA's motion which was to dismiss the amended complaint insofar as asserted against it on the ground that the plaintiff lacked standing to maintain its causes of action against it. The plaintiff appeals.
In order to establish standing to commence an action on behalf of its members, an organizational plaintiff must show that at least one of the members has suffered an injury in fact (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211). Likewise, in order to establish standing to commence an action on its own behalf, an organization must demonstrate an injury in fact to itself (see Urban Justice Ctr. v Silver, 66 AD3d 567, 568). Injury in fact requires a showing that an injury that has already occurred by virtue of the challenged action or a concrete demonstration that a member or the organization will actually be injured in the future (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d at 214; Urban Justice Ctr. v Silver, 66 AD3d at 568). Speculation as to whether an injury might be caused by a complained-of policy in the future is insufficient (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d at 214). "The [*2]rules governing standing help courts separate the tangible from the abstract or speculative injury" (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 812; see Jacob v Conway, 150 AD3d 973, 974).
Here, for purposes of standing, the plaintiff's allegations were insufficient to show an injury in fact to itself or to any of its individual members. Accordingly, we agree with the Supreme Court's determination granting that branch of ASA's motion which was to dismiss the amended complaint insofar as asserted against it for lack of standing.
In light of our determination, the parties' remaining contentions need not be reached.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court