120 Lexington Ave. Corp. v Wesco Ins. Co. (2024 NY Slip Op 02004)

120 Lexington Ave. Corp. v Wesco Ins. Co.

2024 NY Slip Op 02004

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Moulton, J.P., Gesmer, González, Rodriguez, Michael, JJ. 

Index No. 652835/22 Appeal No. 2060 Case No. 2023-04806 

[*1]120 Lexington Avenue Corp., Respondent,
v
Wesco Insurance Company, Appellant.

Mound Cotton Wollan & Greengrass LLP, New York (Kevin F. Buckley of counsel), for appellant.
Denenberg Law Firm, New York (Deborah J. Denenberg of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered April 10, 2023, which denied defendant Wesco Insurance Company's motion to dismiss the complaint with leave to renew after completion of discovery, unanimously reversed, on the law, with costs, the motion to dismiss granted, and the matter remanded for consideration of the imposition of sanctions under 22 NYCRR 130-1.1.
Supreme Court denied defendant's motion in a conclusory decision which contained no analysis of the arguments raised by the parties. It should have granted the motion to dismiss on the basis that the action is barred by the doctrine of res judicata. Plaintiff concedes that it is the successor in interest to 122-24 Lexington Avenue Corp., an entity whose nearly identical case against Wesco was dismissed in May 2021 for failure to comply with discovery demands and court orders after the court had issued a conditional preclusion order. Because plaintiff is the successor to 122-24 Lexington, it is in privity with that entity and is bound by prior adjudications against it (see East Hampton Capital LLC v Fergusson, 183 AD3d 409, 409-410 [1st Dept 2020]). Furthermore, a dismissal based on a failure to provide discovery in the face of a preclusion order is considered an award on the merits, and thus is given res judicata effect (see Cruz v Kamlis Dresses & Sportswear Co., 238 AD2d 103, 104 [1st Dept 1997]; Kalinka v Saint Francis Hosp., 34 AD3d 742, 744 [2d Dept 2006]).
In addition, this action is barred not only by res judicata, but by the insurance policy provision imposing a two-year limitation period for the commencement of suit. Plaintiff claimed, for the first time in its opposition to defendant's motion to dismiss, that it was prevented from complying with the limitations period because it needed to first obtain a Certification of No Harassment and was unable to do so until approximately four years after the date of the loss. There are no allegations in the Complaint explaining plaintiff's delay in commencing this action nor any explanation in the record of the steps undertaken to obtain the Certification and the timing such steps were undertaken. Plaintiff fails to explain why, even if surrounding events prevented plaintiff from commencing this action within the limitations period, it failed to inform the court that it was the surviving entity of a merger between it and 122-24 Lexington and therefore was a successor to 122-24 Lexington. Nor does plaintiff explain why it waited nearly one year to commence this new action after this Court affirmed the denial of plaintiff's motion to vacate the order dismissing the Complaint. In light of these
omissions, this matter is remanded for further consideration of costs and financial sanctions under 22 NYCRR 130-1.1(a).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024