■ EDWARD M. RAPPAPORT, Appellant, v VV PUBLISHING CORPORATION, Doing Business as THE VILLAGE VOICE, et al., Respondents. [637 NYS2d 109] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about October 31, 1994, which granted defendants' motion to dismiss a defamation complaint for failure to state a cause of action, unanimously affirmed, without costs.

The IAS Court properly concluded that the challenged passages in the newspaper articles are not actionable. The statements regarding the allegedly disproportionate assignment of cases involving police misconduct to plaintiff, a Kings County Supreme Court Justice, are not reasonably susceptible of a defamatory meaning (see, Aronson v Wiersma, 65 NY2d 592, 593-594) as to plaintiff, since they do not state or reasonably imply that plaintiff acted improperly with respect to the assignment of such cases. In fact, the article attacks a "system that purports to assign cases randomly" (emphasis added). The statements that suggest that plaintiff is biased in favor of police officers as a result of his past work as a lawyer with the Patrolmen's Benevolent Association (PBA), and that plaintiff is too lenient in imposing sentences on officers convicted of crimes are not " 'facts' " that are "capable of being proven true or false" (Gross v New York Times Co., 82 NY2d 146, 153); rather, they constitute an opinion that plaintiff's performance as a

Judge is biased because of his past association with police officers. Since that opinion is based on a fact set forth in the article, namely that plaintiff used to be a PBA lawyer, it is constitutionally protected (*Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 381, *cert denied* 434 US 969). Moreover, a review of the articles as a whole (*Gross v New York Times Co., supra,* at 153-154) indicates that the authors' assessment is offered as an opinion that is not shared by other individuals familiar with plaintiff's performance as a Judge. The authors quoted the District Attorney as stating that " 'I can assure you that if I thought the judge was acting out prejudices* * * I would [move in open court for his recusal]' ".

We have considered plaintiff's contention that the omission of certain facts from the articles rendered the statements actionable and find it to be without merit.

Finally, we note that the IAS Court properly declined to grant plaintiff leave to serve an amended complaint. Since the challenged statements are not actionable as a matter of law, repleading would be futile. Concur—Sullivan, J. P., Wallach, Ross and Williams, JJ. [*See,* 163 Misc 2d 1.]