■ AMY I. ATTAS, Respondent-Appellant, v PARK EAST ANIMAL HOSPITAL, INC., et al., Appellants-Respondents. [652 NYS2d 280] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered October 20, 1995, which, after jury trial, awarded plaintiff $208,760.04 against the defendants, and the post-trial order, same court and Justice, entered June 5, 1995, which reduced the jury's punitive damage award from $250,000 to $15,000, and denied plaintiff's motion for attorney's fees and costs incurred in connection with her fraud claim, unanimously modified, on the law, to the extent of dismissing her first cause of action for fraudulent misrepresentation, and her third cause of action for libel; and, on the facts, to remand the matter for a new trial only on the issue of the amount of compensatory damages for defamatory statements made at a staff meeting, and otherwise affirmed, without costs and without disbursements, unless within twenty days after entry of this order plaintiff shall stipulate to the entry of an amended judgment reducing plaintiff's award for compensatory damages for defamatory statements made at a staff meeting to $60,000, in which event, the judgment as so amended, and as above modified on the law, is affirmed, without costs and disbursements.

While a claim of fraudulent misrepresentation can arise from statements made prior to a plaintiff's subsequent termination (*Stewart v Jackson & Nash*, 976 F2d 86 [2d Cir] [applying New York law]), we dismiss this cause of action, here, as legally

insufficient. The record before us does not support a valid line of reasoning, or permissible inferences, which could lead a rational person to conclude that plaintiff justifiably relied upon the defendant's alleged misstatements as to the financial situation of the practice in making the decision to continue her employment with the hospital (*Cohen v Hallmark Cards,* 45 NY2d 493; *Moorhead v Hummel,* 36 AD2d 682).

In addition, we dismiss the cause of action for defamation based upon the statement in letters sent to clients that "While I am well aware of Dr. Attas' capabilities as a veterinarian * * * she and I had an increasing number of differences of opinion which made it impossible for me to continue her as an employee". This statement was not defamatory *per se* because it did not impute to plaintiff " 'any kind of fraud, dishonesty, misconduct, incapacity, unfitness or want of any necessary qualification in the exercise of [her] profession or trade' " (*Ullah v National Westminster Bank,* 1995 WL 747831, 2 [US Dist Ct, SD NY, Dec. 18, 1995, Chin, J.]). It was not reasonably susceptible of a defamatory meaning (*see, Aronson v Wiersma,* 65 NY2d 592, 594). In fact, the letter acknowledges plaintiff's competence, and the reference to differences of opinion could not reasonably be read to imply criticism of plaintiff's professional judgment or veterinary skills (*Rappaport v VV Publ. Corp.,* 223 AD2d 515).

Finally, we find that an award of $60,000 damages for defamatory comments made at the staff meeting to be reasonable compensation for the injury suffered and modify accordingly (*see,* CPLR 5501 [c]; *Nellis v Miller,* 101 AD2d 1002).

We have considered and rejected defendants' additional contentions. Concur—Rosenberger, J. P., Ellerin, Wallach, Tom and Mazzarelli, JJ.