CHELSEA CRUCEN, an Infant, by ERENIA VARGAS, Her Parent and Natural Guardian, Appellant, v LINDA LEARY, M.D., et al., Respondents. [867 NYS2d 49]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered April 17, 2007, which granted defendants' motions and cross motions to dismiss the complaint, and denied plaintiffs' cross motion to amend the complaint or dismiss without prejudice, unanimously affirmed, without costs.

Plaintiffs sued for medical malpractice arising from vaccinations the infant plaintiff received at defendant hospitals in 2000 and 2001. The individual defendants are alleged, among other things, to have administered the vaccines, failed to treat properly the conditions arising subsequent to the vaccinations, or failed to obtain informed consent.

Defendants moved to dismiss the complaint based on the National Childhood Vaccine Injury Act of 1986 (NCVIA) (42 USC § 300aa-1 *et seq.*, as added by Pub L 99-660 tit III), which provides a no-fault compensation program for "vaccine-related injury or death" (42 USC § 300aa-15 [a]). Under NCVIA no person may institute a civil action in state or federal court for damages in excess of $1,000 against a "vaccine administrator or manufacturer" arising from a "vaccine-related injury or death associated with the administration of a vaccine," and no court may award damages in excess of $1,000 unless a petition has been filed for compensation under the National Vaccine Injury Compensation Program (*see* 42 USC § 300aa-11 [a] [2] [A]). If such a civil action is filed in state or federal court, the court must dismiss the action (*see* § 300aa-11 [a] [2] [B]).

Plaintiffs admit they did not file a petition for compensation under NCVIA. Given the clear mandate of the statute, the court had no choice but to dismiss the complaint. Plaintiffs' bill of particulars alleged that each defendant either directly administered covered vaccines or treated plaintiff for injuries that arose shortly thereafter and are attributed to the vaccinations. Therefore, they are "vaccine administrators" under NCVIA.

All of the injuries set forth in plaintiffs' bill of particulars are related to the vaccines or arose allegedly as a result of the failure to properly treat conditions created by the vaccinations. The alleged failure to properly diagnose and treat conditions allegedly caused by vaccinations is clearly "vaccine-related" (*see Aull v Secretary of Health & Human Servs.*, 462 F3d 1338, 1343 [Fed Cir 2006]). Given the mandate of the statute, dismissal was appropriate.

Plaintiffs contend that defendants should be estopped from raising NCVIA as a defense because they were derelict in their

duty to inform plaintiffs of the Program, as required by 42 USC § 300aa-26 (d). However, estoppel cannot operate to create a right where none exists (*Matter of Owens v McGuire*, 121 AD2d 292, 295 [1986]), nor can it relieve one from the mandatory operation of a statute (*Matter of Hauben v Goldin*, 74 AD2d 804, 805 [1980]). Since the infant's alleged injury was vaccine-related, plaintiffs' claim of lack of informed consent had to be raised first by petition to the United States Court of Federal Claims (42 USC § 300aa-12 [a]).

Leave to amend was properly denied because repleading would be futile (*see Rappaport v VV Publ. Corp.*, 223 AD2d 515, 516 [1996]). Concur—Tom, J.P., Nardelli, Sweeny, McGuire and DeGrasse, JJ.