■ KARA JOY STENBERG, an Infant, by Her Mother and Natural Guardian, IRIS STENBERG, et al., Appellants, v JENNIFER KALANSKY, M.D., et al., Respondents. [996 NYS2d 306]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (LaSalle, J.), dated October 2, 2012, which granted that branch of the motion of the defendants Jennifer Kalansky, Richard Hill, and West Sayville Children's Medical Services, P.C., which was pursuant to CPLR 3211 (a) (2) to dismiss the complaint insofar as asserted against them, and the separate motion of the defendant Marianne Briglia pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against her.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Kara Joy Stenberg (hereinafter the infant plaintiff) and her mother, the plaintiff Iris Stenberg (hereinafter together the plaintiffs), commenced this action against Jennifer Kalansky, Richard Hill, West Sayville Children's Medical Services, P.C. (hereinafter West Sayville), and Marianne Briglia, asserting causes of action to recover damages for, inter alia, medical and nursing malpractice and lack of informed consent. The plaintiffs alleged that the infant plaintiff sustained personal injuries when, shortly after being administered certain vaccines by the defendants, she lost consciousness and fell to the floor, striking her chin.

Kalansky, Hill, and West Sayville moved, inter alia, pursuant to CPLR 3211 (a) (2) to dismiss the complaint insofar as asserted against them, and Briglia separately moved pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against her. The plaintiffs opposed the motions. In the order appealed from, the Supreme Court granted the motions.

Contrary to the plaintiffs' contention, the Supreme Court properly granted the defendants' separate motions to dismiss the complaint insofar as asserted against each of them on the ground that the plaintiffs' causes of action were preempted by federal law under the National Childhood Vaccine Injury Act of

1986 (*see* 42 USC § 300aa-11 [a] [2] [A], [B]; *Crucen v Leary*, 55 AD3d 510 [2008]; *Aull v Secretary of Health & Human Servs.*, 462 F3d 1338 [2006]).

In light of our determination, we need not reach the plaintiffs' remaining contentions. Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.