Batish v Gandhi (2022 NY Slip Op 07494)

Batish v Gandhi

2022 NY Slip Op 07494

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Moulton, Mendez, JJ. 

Index No. 20049/16E Appeal No. 17011-17012-17013 Case No. 2022-00636, 2022-01125, 2022-01564 

[*1]Diksha Batish, et al., Plaintiffs-Appellants,
v
Gargi Gandhi, M.D. et al., Defendants-Respondents.

Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C., New York (Christina Ctorides of counsel), for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for Gargi Gandhi, M.D., Lisa Imundo, M.D., Juan Pascual, M.D., Columbia Cornell Network Physicians, Inc. NY Presbyterian Hospital-Weill Cornell Medical Center, The New York and Presbyterian Healthcare Network and Columbia-Cornell Care Consulting and Management Services, LLC, Morgan Stanley Children's Hospital of NY Presbyterian and Columbia University Medical Center and Cornell University, respondents.
Wison Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for Alfred Spiro, M.D. and Montefiore Medical Center, respondents.

Appeals from orders, Supreme Court, Bronx County (Alicia M. Gerez, J.), entered on or about October 28, 2021, February 4, 2022 and February 28, 2022, deemed appeal from judgment, same court and Justice, entered April 19, 2022 (CPLR 5501[c]), dismissing the complaint against defendants Lisa Imundo, M.D., Juan Pascual, M.D., and Alfred Spiro, M.D., and dismissing so much of the complaint against defendants Montefiore Medical Center, Columbia Cornell Network Physicians, Inc., and NY Presbyterian Hospital — Weill Cornell Medical Center based on vicarious liability for the conduct of those defendant doctors, and, so considered, the judgment unanimously affirmed, without costs.
On April 14, 2006, defendant Gargi Gandhi, M.D. administered two vaccines to infant plaintiff Diksha Batish, then age 13. Plaintiff's condition subsequently deteriorated. Two weeks after vaccination, plaintiff received care from defendant Drs. Imundo and Pascual. Several months later, in September 2006, plaintiff first sought treatment from Dr. Spiro. There is no dispute that only Dr. Gandhi administered the vaccines.
Under the National Vaccine Injury Compensation Program, Part 2 of the National Childhood Vaccine Injury Act of 1986 (VICP or NCVIA) (42 USC § 300aa-10 et seq.), no person may institute a civil action in state or federal court for damages greater than $1,000 against a "vaccine administrator or manufacturer" arising from "a vaccine-related injury or death associated with the administration of a vaccine" (42 USC § 300aa-11 [a] [2] [A]). The plain meaning of the term "vaccine administrator" only includes those physicians who inoculate a patient or negligently administer the vaccine (see Klahn v Secretary of Dept. of Health and Human Servs., 31 Fed Cl 382, 388-389 [Fed Cl Ct 1994]). The legislative history supports that interpretation (see Schumacher v Secretary of Dept. of Health and Human Servs., 2 F3d 1128, 1132-1134 [Fed Cir 1993] [concluding that the legislative history supports a narrow interpretation of the bar on civil actions]; Amendola v Secretary, Dept. of Health and Human Servs., 989 F2d 1180, 1185-1186 [Fed Cir 1993] ["Congress clearly intended by the amendment to apply the [VICP] to pediatricians who administered a vaccine as well as to the manufacturer who made it"]).
Our prior decision in Crucen v Leary (55 AD3d 510 [2008]) is not to the contrary. In Crucen, the physicians who provided post-vaccine care had done so before plaintiff underwent further vaccinations, which the defendants had allegedly failed to advise the plaintiff against.[FN1] We did not hold that any physician who diagnoses or treats a patient for injuries allegedly caused by vaccination becomes a vaccine administrator.[FN2]
Here, none of the moving defendants administered the vaccine. Neither, as in Crucen, did they treat plaintiff for conditions allegedly exacerbated by subsequent vaccinations. They only provided post-vaccination care. Thus, the moving defendants cannot be considered vaccine [*2]administrators under the VICP. Since the moving defendants are not vaccine administrators, the VICP is inapplicable, and any toll authorized by the VICP is also inapplicable (see 42 USC § 300aa-16[c]).
CPLR 208(a) tolled plaintiff's two year and six-month statute of limitations from the time the claim accrued since she was an infant at the time of vaccination (CPLR 214-a; see Matter of Daniel J. v New York City Health & Hosps. Corp., 77 NY2d 630, 634 [1991]). Plaintiff alleges that Dr. Imundo's negligence occurred from April 28, 2006 through May 13, 2006; Dr. Pascual's alleged negligence occurred from April 28, 2006 through September 26, 2006; and Dr. Spiro's alleged negligence occurred from September 1, 2006 through December 31, 2012. Plaintiff turned 18 on October 9, 2010 and had until April 9, 2013 to bring this action against Dr. Imundo and Dr. Pascual, and plaintiff had until June 30, 2015 to bring this action against Dr. Spiro. Plaintiff did not file the summons and complaint until January 5, 2016. Thus, plaintiff failed to timely commence this action against the moving defendants. For those same reasons plaintiff's mother's derivative claim against those defendants is time barred (see Richardson v New York City Health & Hosps. Corp., 191 AD2d 376, 376-377 [1st Dept 1993]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022

Footnotes

Footnote 1: The parties have incorporated the record in Crucen into the record for this appeal.

Footnote 2: Neither does Aull v Secretary of Health & Human Services (462 F3d 1338 [Fed Cir 2006]), which we cited in Crucen, support this proposition. Aull addressed only whether certain injuries were "vaccine related" because the defendant at issue, who was responsible for vaccinating the plaintiff (see id. at 1340), was indisputably a vaccine administrator.