Santana v Patel (2024 NY Slip Op 03391)

Santana v Patel

2024 NY Slip Op 03391

Decided on June 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2024

Before: Oing, J.P., Friedman, González, Rodriguez, O'Neill Levy, JJ. 

Index No. 22028/18 Appeal No. 2532 Case No. 2023-06236 

[*1]Ramona Santana, Plaintiff-Appellant,
v
Jignesh Patel, et al., Defendants-Respondents.

Stefano A. Filippazzo, P.C., Brooklyn (Louis A. Badolato of counsel), for appellant.
Milber Markis Plousadis & Seiden, LLP, Purchase (Lorin A. Donnelly of counsel), for respondents.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about November 24, 2023, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this medical malpractice action, plaintiff alleges that she suffered shoulder injuries resulting from defendants' improper administration of the flu vaccine on December 17, 2015. Defendants moved to dismiss the complaint based on the National Childhood Vaccine Injury Act of 1986 (NCVIA) (42 USC § 300aa-1 et seq.), which provides a no-fault National Vaccine Injury Compensation Program (NVICP) for "vaccine-related injury or death" (42 USC § 300aa-15[a]). Under the NCVIA, a plaintiff seeking in excess of a $1,000 in damages against a "vaccine administrator or manufacturer" arising from a "vaccine-related injury or death associated with the administration of a vaccine" must file for compensation under the NVICP; otherwise, the court must dismiss the action (see §300aa-11[a][2][B]; see Crucen v Leary, 55 AD3d 510, 511 [1st Dept 2008]).
Plaintiff contends that she was not required to file a petition for compensation under NCVIA because her alleged injuries are the result of the improper administration of the vaccine, not the vaccine itself. However, the Vaccine Injury Table lists "Shoulder Injury Related to Vaccine Administration" (SIRVA) as an injury associated with the flu vaccine (42 CFR 100.3[a], [c][10]). Plaintiff's alleged injuries, including immediate shoulder pain, decreased range of motion, and injuries to her musculoskeletal structure, fall within the ambit of a SIRVA (see Hallowell v Safeway, Inc., 2018 WL 294497, *2, 2018 US Dist LEXIS 1710, *6 [WD Wash Jan 4, 2018, No. C16-972 (TSZ)]; Sullivan v Holy Redeemer Hosp. and Med. Ctr., 263 A3d 1159, 1161, 1164-1167 [Pa Super 2021], allowance of appeal denied 280 A3d 872 [2022]). Since plaintiff's injuries were included in the Vaccine Injury Table, they are deemed a "vaccine-related injury" for the purposes of the statute (42 USC § 300aa-33[5]). Thus, the complaint was properly dismissed as barred by NCVIA (see Crucen, 55 AD3d at 211).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2024